In re BASHA et al.

(District Court, S. D. New York. January 15, 1912.)

No. 12,588.

BANKRUPTCY (§ 336*)—CLAIMS—PROOF—TIME.

Where the only notice of a bank's claim against a bankrupt's estate, filed within the time allowed for filing claims, was a schedule of creditors contained in an application for leave to sell property of the estate, verified by one of the bankrupts as a true and correct statement of all debts and liabilities, fixed and contingent, of the bankrupts, both in-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

dividually and as members of the firm, such schedule was insufficient to justify an amendment after the expiration of the year setting forth a former proof of the bank's claim.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 336.*]

In Bankruptcy. In the matter of Tanius Basha and Najeeb Basha, individually and as members of the firm of Tanius Basha & Son. On motion for leave to file proof of claim more than one year after date of adjudication. Denied.

The temporary receiver in bankruptcy, on an application to the court for leave to sell the property of the estate, filed his preliminary report containing a schedule of the bankrupts' creditors with amounts and addresses. This schedule was verified by one of the bankrupts as "a true and correct statement of all debts and liabilities, fixed and contingent," of the bankrupts, both individually and as members of the bankrupt firm. It contained the name and address of the claimant here, the American Exchange National Bank, as a creditor, together with the amount and general nature of the claim. The property of the bankrupts was thereafter sold by the receiver under order of the court made pursuant to such application. Subsequent to the sale, a first meeting of creditors was held and a trustee elected. The adjudication was made on the 4th day of October, 1909, and on the 14th day of July, 1911, the claimant, the American Exchange National Bank, for the first time presented its proof of claim for allowance. The referee rejected the claim upon the ground that it was not filed in time, and thereafter a formal motion on notice was made before the referee for an order allowing the filing of said claim.

Referee Coxe filed the following opinion:

"This is an application of the American Exchange National Bank for leave to file a proof of claim after the expiration of one year from the date of adjudication. The contention of the bank is that its claim had already been filed in an informal manner, and that what it now seeks to do is merely to amend the proof in order to conform with the technical requirements of the statute. The facts are fully set forth in the petition and are not denied. A careful examination of these facts leads me to conclude that they do not, as contended by counsel for the bank, bring the case within the rules recently laid down in the decisions in Re Kessler, 184 Fed. 51, 107 C. C. A. 13, and Re Salvator Brewing Company (D. C.) 26 Am. Bankr. Rep. 21, 188 Fed. 522, and in the line of cases on which those decisions are based. In all those cases something had been done by the claimant in order to bring his claim to the attention of the court or one of its officers. In this case it does not appear that any such action was taken by the bank. It relies entirely upon its name appearing upon a list of alleged creditors of the alleged bankrupts produced to the court by the receiver, presumably from the books of the bankrupts. In my opinion, it might as well be said that the scheduling of a creditor on the bankrupts' schedules filed with the court, or the appearance of his name and claim upon a list of creditors filed pursuant to the thirty-eighth bankruptcy rule in this district, would be a sufficient statement of the claim to permit of its being filed by a so-called amendment subsequent to the expiration of the year. To so hold would, I think, in effect, substantially do away with the limitation imposed by section 57n of the statute (Act July 1, 1898, c. 541, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444]). * * *

"The petition of the American Exchange National Bank must be denied. Submit order."

Cardozo & Nathan, for the motion.
James F. McNaboe, opposed.

HOUGH, District Judge (after stating the facts as above). This is a hard case on the claimant; but the requirement of the statute is

imperative, and when one wishes to amend a claim there must be some claim to amend. What is sought to be here held as a claim is nothing done or intended to be done by the claimant. If the affidavit is a claim, so is a schedule. Yet that a scheduled creditor has no proven claim or any claim by virtue of schedules is elementary.

Decision affirmed for lack of power.